UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELENA B. KARBUSHEVA,<br><br>                    Plaintiff,<br><br>v.<br><br>REDWOOD APARTMENTS,<br>REDWOOD APARTMENTS LLP,<br>GLENDA J. MORTON, CAROL<br>WATERFALL, and JANICE I.<br>ALEXANDER,<br><br>                    Defendants. | Case No. 1:13-cv-00473-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss Plaintiff Elena

Karbusheva's Amended Complaint. (Dkt. 33.) In her Amended Complaint, Karbusheva

purports to add the State of Idaho as a defendant. Additionally, Karbusheva filed a second

motion to amend, "to change Defendant State of Idaho to State of America." (Dkt. 36.)

The parties have fully briefed the motion to dismiss, and both motions are ripe for the

Court's consideration. Having fully reviewed the record, the Court finds the facts and

legal arguments are adequately presented in the briefs and record. Accordingly, in the

interest of avoiding delay, and because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, the motions will be decided

on the record before this Court without oral argument or further briefing. Dist. Idaho L.

Rule 7.1(d).[1]

The Court issues this Report recommending that the District Judge grant the

Motion to Dismiss with leave to amend and deny Karbusheva's motion to change the

defendant from the State of Idaho to the United States.

## BACKGROUND

Karbusheva and the Intermountain Fair Housing Council (IFHC) filed a complaint

on October 30, 2013, against Defendants Redwood Apartments, Redwood Apartments

Limited Liability Partnership, Glenda J. Morton, Carol Waterfall, and Janice I.

Alexander. (Dkt. 1 at 1.) The Complaint alleged Defendants violated provisions of the

Fair Housing Act, which prohibits discrimination on the basis of handicap, inquiry into

the nature or severity of a disability, and interference, coercion or intimidation. The

Complaint alleged also that Defendants were negligent because they did not adequately

train and supervise their employees "with regards to the requirements of the Fair Housing

Act." (Dkt. 1 at 11.)

IFHC reached a settlement of its claims against Defendants. (Dkt. 21.) On April 4,

2014, Karbusheva's attorney moved to withdraw from the case, and the Court granted the

motion on April 7, 2014. (Dkt. 22, 24.) Karbusheva, proceeding pro se, filed a motion to

amend the complaint on April 21, 2014, and filed the Amended Complaint on the same

---

[1] The Court notes Defendants did not file a response to Plaintiff's Motion to Change Defendant.
(Dkt. 36.)

day. Defendants did not oppose the motion and the Court granted the motion to amend on May 1, 2014.

Much of the Amended Complaint is incomprehensible. (Dkt. 29.) In it, Karbusheva alleges her health deteriorated after Redwood employees refused to rent her an apartment. Karbusheva is handicapped and requires the aid of a motorized scooter. Karbusheva claims Morton would not allow her to build a shelter for her scooter at an apartment Karbusheva wanted to rent. Morton allegedly told Karbusheva she could slip on ice in the winter if she lived at that apartment.

Karbusheva then describes all of the health problems she has, some of which appear to be self-diagnosed. These problems include, but are not limited to, stress, brain strokes, autoimmune diseases, Lupus, Giana-Barre, Alzheimer's, "Budd-Chiar" syndrome, diabetes, anemia, hypertension, edema, anaphylaxis, degenerative changing, and encephalopathy. (Dkt 29. at 8-9.) Karbusheva seems to attribute these problems to vaccines and incompetent medical care she has received while living in the United States.

Karbusheva is asking for 50 million dollars in damages from the State of Idaho.[2] She is asking also for 1.5 million dollars in damages from Defendants Redwood Apartments, Redwood Apartments Limited Liability Partnership, Glenda J. Morton, Carol Waterfall, and Janice I. Alexander.

On May 7, 2014, Defendants filed a motion to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On May 12, 2014, Karbusheva

---

[2] Although the Amended Complaint filed on April 21, 2014, was deemed filed upon the Court's grant of leave to amend on May 1, 2014, there is no indication that Karbusheva has attempted service upon the State of Idaho despite naming the State as a party.

filed her second motion to amend, seeking to change the defendant from the State of Idaho to the United States. (Dkt. 36-1.) The following addresses whether Karbusheva's Amended Complaint fails to state a claim upon which relief can be granted as well as whether her claims against the State of Idaho and the United States are barred by the Eleventh Amendment.

## DISCUSSION

### 1. Amended Complaint Fails to State a Claim Upon Which Relief can be Granted

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that does not meet the requirements of Rule 8 may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Garity v. Donahoe*, No. 11-1805, 2012 WL 1883500, at *1 (D. Nev. May 22, 2012). To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These factual allegations must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. The court must accept the complaint's factual allegations as true and draw all reasonable inference in a light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 570.

Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, the Court construes pro se pleadings liberally and will afford the pro se party the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

Finally, when a motion to dismiss is granted, the court should freely give leave to amend so long as there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Karbusheva's Amended Complaint is held to a lower pleading standard because she is proceeding pro se. However, the Amended Complaint is so incomprehensible that it is subject to dismissal for failure to state a claim. The Amended Complaint is difficult to understand due to a number of errors with spelling and grammar. It is written as a narrative of all the grievances Karbusheva has against a number of parties, many of whom are not named as defendants. Karbusheva lists also a number of health problems she suffers from but she does not clearly describe who caused these health problems.

Further, it does not appear the Court would have jurisdiction over these claims, as they appear to be claims arising under state law and diversity of citizenship is not alleged.[3]

Additionally, there is no clear timeline of when these alleged injuries occurred. Most of the allegations are conclusory and have little to no factual support. The factual content alleged in the Amended Complaint is so unintelligible that the Court cannot make a reasonable inference that the named Defendants are liable for the alleged misconduct. Therefore, the Court recommends the Amended Complaint be dismissed.

However, leave to amend should be granted because the deficiencies in the Amended Complaint could possibly be cured by alleging additional facts. Karbusheva's Amended Complaint alleges Redwood Apartments and its employees threatened her and refused to rent her an apartment. (Dkt. 29 at 4.) It appears that Redwood Apartments may have refused to rent to Karbusheva on the basis of disability, but Karbusheva needs to allege additional facts in a more comprehensible manner for the Court to make that inference.[4] Thus, the Court recommends granting Defendant's Motion to Dismiss with leave to Karbusheva to amend, with the exception that her claims against the State of Idaho and the United States be dismissed with prejudice, as discussed below.

---

[3] Karbusheva's complaint must contain allegations of federal jurisdiction. Federal courts have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or in which the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Karbusheva's claims based upon state law do not form a basis for federal question jurisdiction nor do they allege citizenship which meets the requirements for diversity jurisdiction.

[4] Plaintiff's original Complaint may have stated a claim upon which relief may be granted against Redwood Apartments, Redwood Apartments Limited Liability Partnership, Glenda J. Morton, Carol Waterfall, and Janice I. Alexander for violations of the Fair Housing Act. (Dkt. 1.)

**REPORT AND RECOMMENDATION-6**

## 2. The Eleventh Amendment Bars Claims for Damages Against the States

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment bars federal court actions against states, state agencies, and state instrumentalities. *See Kalai v. Haw.*, No. 6-433, 2008 WL 3874616, at *2 (D. Haw. Aug. 20, 2008).

However, states, state agencies, and state officials can be sued in federal court if Congress "expressly abrogates state sovereign immunity with respect to a particular federal cause of action." *Id.* Congress may abrogate state sovereign immunity if it "both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (internal quotation marks omitted). The Fair Housing Act does not contain a "clear congressional statement unequivocally expressing an intent to abrogate states' sovereign immunity." *Kalai*, WL 3874616 at * 2. Because Congress did not include this clear statement, state sovereign immunity is not abrogated by the Fair Housing Act. Therefore, states cannot be sued for violations of the Fair Housing Act. *See id.*

Karbusheva's Amended Complaint contains allegations suggesting a violation of the Fair Housing Act. Karbusheva is claiming $50,000,000 in damages against the State of Idaho. The State of Idaho, as well as its agencies and officials, cannot be sued for damages under the Fair Housing Act. Therefore, Karbusheva's claims against the State of

Idaho should be dismissed with prejudice. And although the Court recommends granting leave to amend, Karbusheva may not include the State of Idaho as a named defendant.

### 3. Sovereign Immunity Bars Claims Against the United States

The United States is immune from suit unless it waives that immunity. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011). "A waiver of the federal government's sovereign immunity must be unequivocally expressed in the statutory text of the law upon which the plaintiff brings suit." *Webster v. Dep't of Veteran's Affairs*, No. 9-2433, 2010 WL 5250158, at *1 (D. Nev. Dec. 16, 2010). The Fair Housing Act does not include a waiver of sovereign immunity. *See id.* at *2. Therefore, claims against the United States for violations of the Fair Housing Act are barred by the federal government's sovereign immunity. *Id.*

Here, Karbusheva requested to "change Defendant State of Idaho to State of America." (Dkt. 36 at 1.) Karbusheva's claims against the United States would be barred by the federal government's sovereign immunity. Therefore, Karbusheva may not amend her Amended Complaint so as to the name the United States as a defendant.

## CONCLUSION

Karbusheva's Amended Complaint fails to state a claim upon which relief may be granted, but the Amended Complaint's deficiencies could potentially be cured by amendment. Karbusheva may not state a claim against the State of Idaho or the United States under the Fair Housing Act because those claims would be barred by sovereign immunity. The Court therefore recommends that the District Judge grant Defendant's

Motion to Dismiss with leave to amend, and deny Karbusheva's motion to change the defendant from the State of Idaho to the United States.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendants' Motion to Dismiss (Dkt. 33) be **GRANTED**.

2) Plaintiff's Motion to Amend, styled as Motion to Change Defendant State of Idaho to State of America, (Dkt. 36), be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: July 10, 2014

Honorable Candy W. Dale
United States Magistrate Judge