UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELENA B. KARBUSHEVA,<br><br>    Plaintiff,<br><br> v.<br><br>REDWOOD APARTMENTS, REDWOOD APARTMENTS, LIMITED LIABILITY PARTNERSHIP, GLENDA J. MORTON, CAROL WATERFALL, and JANICE I. ALEXANDER,<br><br>    Defendants. | Case No. 1:13-CV-000473-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

On July 10, 2014, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be granted and Plaintiff's Motion to Amend be denied. (Dkt. 38.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). Plaintiff filed objections to the Report. (Dkt. 39.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

# STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, the Court has conducted a *de novo* review of those portions of the Report to which the Plaintiff has objected. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The underlying procedural background and facts of this case are well articulated in the Report and this Court incorporates the Report's recitation of the background and facts in this Order. (Dkt. 38.) In short, this case involves Plaintiff's claim that Defendants violated provisions of the Fair Housing Act. (Dkt. 1.) The case was initially brought by the Intermountain Fair Housing Council who has since reached a settlement with the Defendants. (Dkt. 21.) The Plaintiff is now proceeding *pro se* against the remaining Defendants who have filed the instant Motion to Dismiss. (Dkt. 33.) The Plaintiff has also filed a Motion to Amend, styled as a Motion to Change Defendant, requesting that the Defendant State of Idaho be changed to the United States. (Dkt. 36.)

**1)     Defendant's Motion to Dismiss**

The Report concluded that the Motion to Dismiss should be granted, concluding that the complaint fails to state a claim and lacks a proper statement of jurisdiction. (Dkt. 38.) In particular the Report concludes that any claims against the State of Idaho are precluded by the Eleventh Amendment. The Plaintiff's objections to the Report center on its recommendation that the State of Idaho be dismissed. (Dkt. 39.) In the objections, Plaintiff

lists those entities and agencies whom she argues she can and can't apply for relief against and states in various places: "I can apply for compensation only against State (Idaho, or America)." (Dkt. 39.)

Having fully considered the Plaintiff's objections and the entire record herein, the Court finds the Report's conclusions and findings are consistent with this Court's own view of the record. For the reasons stated in the Report, this Court finds that the Plaintiffs Complaint fails to state a claim and has not shown a proper basis for jurisdiction. Therefore, the Motion to Dismiss shall be granted. Because this Court is in full agreement with the analysis and conclusions of the Report, the Court incorporates and adopts the Report in its entirety. The Court also agrees that Plaintiff should be granted leave to amend the complaint to cure the deficiencies in the pleading as stated in the Report. Such amendment, however, may not include claims against the State of Idaho as those claims are precluded as a matter of law. (Dkt. 38 at 7-8.) The Plaintiff has until on or before January 5, 2015 in which to file her amended complaint. Failure to do so will result in dismissal of this action without further notice.

2) **Motion to Amend, styled as Motion to Change Defendant**

As to Plaintiff's Motion to Amend the Complaint to change the Defendant State of Idaho to the United States, the Court agrees with the Report's analysis that the United States is immune from a suit under the Fair Housing Act. (Dkt. 38 at 8.) As such, Plaintiff's Motion to Change Defendant is denied and any amended complaint may not include a claim against the United States alleging violations of the Fair Housing Act.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) The Report and Recommendation entered on July 10, 2014 (Dkt. 38) is **ADOPTED** in its entirety and Defendant's Motion to Dismiss (Dkt. 33) is **GRANTED**.

2) Plaintiff has until on or before **January 5, 2015** in which to file an amended complaint in this matter. Plaintiff is HEREBY NOTIFIED that failure to file an amended complaint will result in dismissal of this action without further notice.

3) Plaintiff's Motion to Amend, styled as Motion to Change Defendant, (Dkt. 36) is **DENIED**.

DATED: **December 3, 2014**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge