UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELENA B. KARBUSHEVA,<br><br>                    Plaintiff,<br><br>v.<br><br>REDWOOD APARTMENTS, REDWOOD APARTMENTS LLP, GLENDA J. MORTON, CAROL WATERFALL, and JANICE I. ALEXANDER,<br><br>                    Defendants. | Case No.  1:13-cv-00473-EJL-CWD<br><br>**ORDER** |

      On July 10, 2014, this Court issued a report recommending dismissal of Plaintiff's complaint, which was adopted by the District Judge on December 3, 2014. (Dkt. 38, 43.) The Order adopting the report and recommendation indicated Plaintiff would have up through January 5, 2015, within which to file an amended complaint.

      The Court explained in the report that a complaint needed to set forth facts against the named defendants in this case. Further, the Court explained that Karbusheva needed to set forth time frames, allege jurisdiction, and explain who caused her damages. The complaint contained some facts suggesting Defendant Redwood Apartments and its

ORDER - 1

employees threatened Karbusheva and refused to rent her an apartment on the basis of disability, but without supporting facts, the Court was unable to make the inference. The Court explained also that the State of Idaho, and its agencies and officials, cannot be sued for damages under the Fair Housing Act, because the Eleventh Amendment bars such claims. The Court explained Karbusheva could not, therefore, add the State of Idaho as a defendant. Additionally, the Court explained Karbusheva could not sue the United States unless there was a clear indication of the federal government's sovereign immunity. Thus, the Court explained Karbusheva could not amend her complaint, which appeared to arise under the Fair Housing Act, to add Defendants State of Idaho or the United States of America.

After the Court issued its order allowing Karbusheva to file an amended complaint, Karbusheva has filed numerous pleadings, but none of them can be construed as an amended complaint, nor were any timely filed. The Court will go through each and provide additional explanation.

First, Karbusheva did not timely file an amended complaint on or before January 5, 2015. Instead, on January 14, 2015, nine days past the deadline, Karbusheva filed a "motion for reconsideration for providing additional time for order adopting report and recommendation from December 3, 2014. (Dkt. 44.) In that document, Karbusheva described her difficulties with Health and Welfare, and her problems with her wheelchair scooter. The document does not meet the requirements of a Complaint under Rule 8. And, to the extent Karbusheva requests additional time within which to file an amended complaint, the motion is untimely. Fed. R. Civ. P. 6(b).  Next, on January 15, 2015,

**ORDER - 2**

Karbusheva filed a "motion for explanation information about my case," (Dkt. 45).  In that document, Karbusheva explains that she applied for disability, but is having difficulty accessing health care and housing. She appears to be asking the Court how she can add government agencies, organizations, or officials to her case, and asks a series of questions. Again, this document, and the attachments to it, do not meet the pleading standards of Rule 8, and cannot be construed as an amended complaint.

Since then, Karbusheva filed eight more documents, styled as "motions," to add defendants to the case, which include the International Rescue Committee in New York and in Boise, the Secretary of Health and Human Services, the United States Attorney General, the District Court of the Fourth Judicial District of the State of Idaho, the Legacy Management Group, and the Immigration Service, among others. (Dkt. 48, 49, 51, 52, 53, 54, 55, and 56.) Upon review of these documents, none of them meets the requirements of Rule 8, nor did the Court grant leave to add defendants and claims other than the one at issue in this case, which allegedly arose under the Fair Housing Act, and was asserted against the Redwood Apartments.

What little the Court can glean from the documents Karbusheva filed indicates she is demanding access to health care, she was injured by vaccines, she wants information from the Social Security program, she seeks compensation from the Immigration service for her damaged human rights, and she demands access to an attorney and disability payments. None of these documents outline sufficient facts indicating the "who, what, when, where, and why" necessary to construe them as complaints, nor do they allege any

basis for this Court's jurisdiction.[1] *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

# ORDER

Because Plaintiff failed to timely follow the Court's order directing her to file an amended complaint on or before January 5, 2015, and none of the untimely filed documents meet the requirements under Rule 8, the Court respectfully requests that the District Judge review this matter and consider entering an order dismissing this matter in its entirety.

Dated: **April 30, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

---

[1] Many of Karbusheva's claims appear similar to matters previously dismissed by this Court. *See Karbusheva v. St. Luke's Health System, et. al.*, No. 1:14-cv-210-EJL; *Karbusheva v. Idaho State*, No. 1:14-cv-109-EJL; and *Karbusheva v. Mendoza et. al*., No. 1:13-cv-077-CWD; and *Karbusheva v. Drive Medical Design & Mfg.*, No. 1:14-cv-084-BLW. In each case, the Court explained to Karbusheva the elements necessary to set forth in a complaint, and she has failed to comply.

**ORDER - 4**